(No. 14376.—Reversed and remanded.)

EDWARD A. SHEDD, Appellant, *vs.* JOHN C. PATTERSON, Appellee.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. MALICIOUS PROSECUTION—*action for malicious prosecution defined.* An action for malicious prosecution, which is an action not favored in law, is a suit for damages by one against whom a criminal prosecution or civil suit has been instituted maliciously and without probable cause after the termination of such prosecution or suit in favor of the defendant therein.

2. SAME—*what is not within the rule limiting actions for malicious prosecution.* While the action for malicious prosecution should be limited because the courts of law are open to every citizen, except as to the penalty for lawful costs, and a litigant should be entitled to have his rights determined without the risk of being sued and having to respond in damages for seeking to enforce his rights, yet this immunity should not be extended to sanction the repeated bringing of groundless suits on the same cause of action after the plaintiff's claim has been conclusively determined against him.

3. SAME—*when action for malicious prosecution may be maintained.* Where a defendant has been sued several times by the same person, both in equity and at law, in regard to the same property, with final judgments against the complainant or plaintiff by courts of review in every suit, the defendant, upon being sued again on the same cause of action, may maintain an action for malicious prosecution although the suits against him were by summons, only, and not by his arrest or a seizure of his property.

FARMER and DUNN, JJ., dissenting.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

OLIVER & MECARTNEY, for appellant.

JOHN C. PATTERSON, *pro se*, and F. J. KARASEK, (W. D. ELMER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 1, 1919, the appellant, Edward A. Shedd, brought his action of trespass on the case in the circuit court of Cook county against the appellee, John C. Patterson, for malicious prosecution of five suits in equity and four actions at law, seeking relief in equity or damages in the actions at law, and all relating to the same subject matter. An attachment in aid was sued out and levied on a lot in Riverside, Illinois, and the defendant's share of the rents of property in Chicago leased to Shedd and involved in all the suits was garnisheed. Issues were formed, and upon a trial by jury there was a verdict, by direction of the court, for the defendant as to the issues in attachment and a verdict of not guilty under conflicting instructions, some of which directed a verdict for the plaintiff and others submitted the issues to the jury. The plaintiff appealed to the Appellate Court for the First District, and the defendant gave a bond to release the attachment, which was dissolved and the funds garnisheed released. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

The following facts appeared on the trial and were not disputed: On May 1, 1893, the trustees for four persons owning the fee in a parcel of land at the northwest corner of State and Washington streets, in Chicago, executed a lease to Herman H. Kohlsaat for a term of 102 years and

Kohlsaat erected a twelve-story building on the premises. In 1897 the defendant, John C. Patterson, acquired a one-twelfth interest in the fee, and on December 20, 1897, the owners of the fee conveyed the real estate in trust to the Northern Trust Company, subject to the leasehold estate. In 1900 the trustee, the Northern Trust Company, John C. Patterson, and other beneficiaries, began a suit for strict foreclosure of the leasehold estate for unpaid installments of rent. There was a decree on June 25, 1902, and on January 30, 1905, the plaintiff, Edward A. Shedd, and Albert M. Johnson, became the owners of the leasehold estate and on February 21, 1905, were permitted to redeem it by paying all money due under the decree of foreclosure, together with interest and costs, and by order of court were restored to the possession of the leasehold estate. The defendant then instituted a series of proceedings attacking the leasehold estate, the first of which was a motion to set aside the order for possession, and this was followed with cross-bills in two cases in which the trustee filed bills for instructions, and with bills filed by the defendant attacking the foreclosure proceeding and order of possession and claiming that the leasehold estate had been forfeited. The defendant made Shedd and Johnson defendants to a writ of error sued out from the Appellate Court after they had acquired the leasehold estate in the case in which they had not been parties in the trial court. On May 25, 1908, Johnson deeded his interest in the leasehold estate to the plaintiff, Shedd, and after that the litigation concerning the leasehold estate was against Shedd. In every case the decisions in the trial court, the Appellate Court and this court were against every claim made by the defendant. It is not necessary or desirable to detail the proceedings and decisions, but they will be found by reference to the cases in this court. (*Patterson* v. *Northern Trust Co.* 230 Ill. 334, and 231 id. 22; *People* v. *Shedd*, 241 id. 155; *Shedd* v. *People*, 217 U. S. 597; *Johnson* v. *Northern Trust Co.* 265 Ill. 263;

*Patterson* v. *Northern Trust Co.* 286 id. 564.) The superior court of Cook county finally enjoined prosecution of further suits by the defendant against the Northern Trust Company for the destruction of the leasehold estate, and a bill was filed in violation of the injunction. The court dismissed the bill and by its decree found that the bill was vexatious and a clear and palpable abuse of the process and offices of the court concerning matters finally adjudicated by the final decrees of the courts. The defendant appealed, and the Appellate Court affirmed the decree on the ground that the court was justified in exercising its inherent power to protect itself and the defendants against a multiplicity of actions and harassing and vexatious litigation by persisting in treating decisions of the courts as a mere nullity. (*Patterson* v. *Northern Trust Co.* 207 Ill. App. 355.) The defendant appealed to this court, and the judgment of the Appellate Court was affirmed and the power of a court to protect itself by the summary remedy of dismissing a suit was upheld. (*Patterson* v. *Northern Trust Co.* 286 Ill. 564.) On November 12, 1906, the defendant commenced an action on the case against Shedd and others for damages in the sum of $500,000. On August 28, 1912, he began another suit alleging damages in the same amount. On April 5, 1918, he brought a similar suit for damages in the sum of $1,000,000, and on June 6, 1918, brought another suit for damages in the sum of $500,000, all of which were dismissed.

The Appellate Court affirmed the judgment in this case on the ground that a suit for malicious prosecution cannot be maintained where the action upon which it is grounded is an ordinary civil action begun by summons, only, and not accompanied by arrest of the person or seizure of his property or special injury not necessarily resulting in all suits prosecuted for like causes of action. The court understood that the decisions in *Smith* v. *Michigan Buggy Co.* 175 Ill. 619, and *Norin* v. *Scheldt Manf. Co.* 297 id. 521,

which announced that doctrine, applied to this case. That conclusion was not correct. In *Smith* v. *Michigan Buggy Co. supra,* the action was for damages for the prosecution of a suit against Smith, a traveling salesman, to recover damages for fraudulent representations made by Smith to obtain employment. The court recognized that decisions of the courts were in hopeless conflict, but mainly on grounds of public policy adopted the rule that an action would not lie for malicious prosecution of a suit by summons, only, and not accompanied by the arrest of the defendant or seizure of his property or other injury not common to all similar suits. *Norin* v. *Scheldt Manf. Co. supra,* was in the nature of a limitation upon the general language of the former decision, and it was there held that the rule denying the right of action should not be extended to embrace such suits as are in themselves unusual in the effect upon the defendant. That was an action for damages for the malicious prosecution of a bankruptcy proceeding, and it was held that it would lie although no trustee was appointed and no property taken but there was special injury to defendant.

An action for malicious prosecution is an action for damages by one against whom a criminal prosecution or civil suit has been instituted maliciously and without probable cause after the termination of such prosecution or suit in favor of the defendant therein, (18 R. C. L. 11,) and it is not favored in the law. This court has regarded it reasonable that the action should be limited because the courts of law are open to every citizen upon the penalty of lawful costs, and he may have his rights determined without the risk of being sued and having to respond in damages for seeking to enforce his right. In *Smith* v. *Michigan Buggy Co. supra,* the court said there was danger that litigation would be promoted and encouraged by permitting such suits to be brought, because the conclusion of one suit would be but the beginning of another; that a successful defendant would be tempted to bring another suit for the purpose of

showing malice and want of probable cause, and litigation would become interminable. Undoubtedly the court did not overlook an evil effect of immunity when limited to a single case instituted with malice and without probable cause, which would naturally lead to the bringing of groundless piratical suits for the recovery of fabulous sums, which are not infrequent. In *Kolka* v. *Jones,* 6 N. D. 461, it was denied that permitting the action had the effect, in actual practice, of promoting such suits; but however that may be, the substantial ground of the decision was that the courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights. The costs, even in a single case, are no compensation for the time, trouble and expense of defending a groundless suit, and as said in *Norin* v. *Scheldt Manf. Co. supra,* the rule is not to be extended. Whether there was special injury to the plaintiff on account of clouding the title to his leasehold estate and affecting its market value or not, the cases referred to give no support to the claim of immunity in the case of successive suits after a party has had his day in court and his right has been conclusively determined. This case is of that character and does not come within any rule of any court denying a right of action.

Law is the foundation of civil government, and its administration and the means for its enforcement are essential to the maintenance of rights and the stability of the social order. To that end courts are created and maintained at the public expense, and are, and should be, open for the redress of grievances and the enforcement of rights, but that affords no reason for requiring them to employ their time to the prejudice of other litigants and the public business, to enable a party whose rights have been finally and conclusively determined to harass the same party about the same thing. It has often been said that the law extends to an animal of a certain species the privilege of one bite

although moved thereto by evil intent, but the immunity goes no farther, and a rule that a party may prosecute a suit or suits through malice and without probable grounds until the question of his right is finally determined affords him all the privilege which he ought to have. In this case the courts had repeatedly decided that the defendant had no grievance, and the substantial questions involved were finally and conclusively settled in 1907 in *Patterson* v. *Northern Trust Co.* 231 Ill. 22.

At the trial the court gave a peremptory instruction to find the issues on the attachment for the defendant, and that was the verdict. At the instance of the plaintiff the court gave an instruction directing a verdict of guilty and an assessment of damages as shown by the evidence, and advised the jury that in assessing damages they were not limited to finding the amount of actual damages but might give punitive damages. At the same time the court gave, at the instance of the defendant, instructions directing them to find and be governed by the preponderance of the evidence, and stating as rules of law that the plaintiff was not entitled to recover by proving that the suits against him were unsuccessful, but he must also prove that they were brought maliciously and without any reasonable or probable cause, and that although the defendant was actuated by malice in some of the suits, yet if he had probable and reasonable grounds to believe that he was entitled to recover the plaintiff could not maintain the action and the verdict should be for the defendant. The instructions were not only directly conflicting and must have been confusing, but some of them were wrong as applied to the case. There was not the slightest evidence tending to prove that any rational person would have had probable or reasonable grounds to believe that he could recover after the final and conclusive determination of his rights by this court. Aside from that, there was a general statement that the plaintiff could not maintain the action if in some of the suits the

defendant had probable and reasonable grounds to believe that he was entitled to recover. This might have been true as to the first proceedings, before all right to recover had been finally and conclusively adjudicated against the defendant, and the instruction amounted to a directed verdict if the jury found that the first suits were instituted with probable cause.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court for a new trial on all the issues.

*Reversed and remanded.*

FARMER and DUNN, JJ., dissenting.