**SOFFOS v. EATON et al.**

No. 207.

Municipal Court of Appeals for the District of Columbia.

Nov. 22, 1944.

Milton Conn, of Washington, D. C., for appellant.

Samuel Gordon, of Washington, D. C. (Robert W. McCullough, of Washington, D. C., on the brief), for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The action below was in the nature of one for malicious prosecution. The basis of the complaint was four landlord and tenant actions brought against appellant for possession of property leased to him as a dwelling by the appellee B. M. Eaton. The first action was by Eaton, who alleged he desired to alter (remodel) the premises. Trial was had and finding made in favor of appellant. The second action was also by Eaton, who this time alleged appellant and his wife were disorderly and committing a nuisance. Trial of this action also resulted in a finding for appellant. Immediately following this finding Eaton and his wife conveyed the property to their daughter, Mrs. Jenkins, who thereafter brought action for possession, alleging that she desired possession in good faith for her own personal use. This action was dismissed on a "technical objection." Mrs. Jenkins then brought a second action on the same ground, and trial resulted in a finding for appellant.

Appellant alleged that the two actions of Mr. Eaton were for himself and his wife, and that the two actions by Mrs. Jenkins were for herself and her parents; and Mr. Eaton, Mrs. Eaton and Mrs. Jenkins were all named as defendants in the present action. Appellant alleged that the four landlord and tenant actions were "instigated" by Mr. and Mrs. Eaton and were all filed "maliciously without just cause and in bad faith."

Appellant alleged the following damages: Expense of defending the actions, injury to his reputation resulting from the charge that he and his wife were disorderly and committing a nuisance, and mental anguish pending the action, due to threatened loss of his home. He also sought punitive damages.

The trial court granted a motion to dismiss the amended complaint, and refused to allow the filing of a second amended complaint which contained substantially the same allegations as the first. This appeal presents the question whether the amended complaint stated a cause of action, i.e., stated a claim upon which relief could be granted.

■ The rule in this jurisdiction respecting an action for malicious prosecution based on a civil proceeding was stated in Peckham v. Union Finance Company, 60 App.D.C. 104, 105, 48 F.2d 1016, 1017, as follows: "In our opinion the greater weight of authority in this country and the better reasoning support the view that no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action."

■ The above rule was reaffirmed in Melvin v. Pence, 76 U.S.App.D.C. 154, 157, 130 F.2d 423, 426, 143 A.L.R. 149, where it was said: "Consequently, by the more general rule, special injury must be shown when the suit relied upon is a civil cause."

In none of the actions here complained of was there an arrest or seizure of property but appellant argues that special injury has been alleged in the instant case. He contends that the alleged injury to his reputation and mental anguish constitute special injury within the meaning of the rule. In the Peckham case special injury is described as that "which would not necessarily result in all suits prosecuted to recover for like causes of action." In the Pence case they are described as "injury beyond what assertion of rights ordinarily entails." Accepting those statements as a guide we must hold that the damages claimed by appellant are not special injuries. Practically every defendant to a law suit suffers some damage to his reputation. The damage will vary according to the nature of the suit, the amount of publicity it receives, and the attending circumstances, but this is only a matter of degree. Few law suits enhance a defendant's reputation; the great majority of defendants suffer some injury to reputation. One of the grounds upon which a landlord may seek possession of housing accommodations under the District of Columbia Emergency Rent Law[1] is that the tenant is committing a nuisance. All defendants to such actions would suffer to a greater or lesser degree the same damage to reputation that appellant claims to have suffered.

We also must hold that the mental anguish of defendant from threatened loss of his home did not constitute special injury. All tenants sued for possession suffer, to some extent, the same mental anguish. The fact that present crowded conditions in Washington make the loss of living quarters more serious than in normal times is again a matter of degree and not of substance. Mental anguish of some sort is usually suffered by a defendant threatened with loss of his home, a judgment for money damages, or other form of judgment.

Appellant argues that the Pence case holds that damage to reputation and mental anguish are special injuries. We do not so understand that case. It was there held that effectual revocation of a private detective's license, preventing him from carrying on his business, constituted special injury. It was further held that having established his right of action by showing special injury, the plaintiff was entitled to show injury to reputation and mental suffering as elements of damage. Holding these items to be proper elements of damage, the court pointed out that "injury to reputation is a usual result of groundless charges publicized by litigation," and that "necessarily also he must have experienced mental and emotional stress, uncertainty and worry while the proceedings were undetermined." It appears to us that the Pence case, instead of supporting appellant's claim, plainly holds that some damage to reputation and some mental anguish are usually and necessarily suffered by anyone who is required to defend, even though successfully, a law suit.

■ Appellant also contends that since he was required to defend four actions his case is different from the Peckham case where only one action was involved. Again reliance is placed on the Pence case. It was there said that "the right to litigate is not the right to become a nuisance"; but the court said that the exceptions to the general rule apply "when the proceeding has no relation to protection of any right of the suitor or any public right which he reasonably may have a hand in vindicating." It cannot be said that the proceedings complained of here had no relation to protecting the rights of those suing. There were, in effect, three proceedings for re-

---

[1] Code 1940, §§ 45–1601 to 45–1611.

covery of possession. The first was on the ground the landlord desired to remodel the premises; the second on the ground the tenant was committing a nuisance; and the third on the ground the landlord desired possession for her own use. Each ground was a valid one under the Emergency Rent Act. True, the landlord was not successful in any of the actions; but the court was open for determination of the respective rights of the landlord and the tenant. The same reasons which require special injury to be shown, where the basis is a civil action, apply equally where there are several different actions. Myhre v. Hessey, 242 Wis. 638, 9 N.W.2d 106, 150 A.L.R. 889.

It would be difficult and confusing to have one rule apply where a single basic action is involved, and a different rule where a series of actions are involved. Would the line be drawn between one action and two actions, or would a minimum of three actions be required? A single action conceivably can involve far more malice in its institution and cause far more damage to a defendant than several actions of another type and nature. Again, while the actions here in question were all brought within a period of six months, would a distinction be made had a period of six months or more elapsed between the bringing of each suit. Rapid succession of suits may more strongly suggest malice and lack of probable cause, but three suits brought over a period of three years may be as malicious and lacking in probable cause and as damaging as the same number of suits brought within a period of three months. The highest court of this jurisdiction has, in effect, declared that public policy forbids an action for malicious prosecution based on a civil cause when no special injury is shown. We do not feel justified in restricting that rule on a basis of the number of suits or the time within which they are brought.

Appellant relies on Shedd v. Patterson, 302 Ill. 355, 134 N.E. 705, 707, 26 A.L.R. 1004, as holding that the rule requiring special injury has no application when there are successive actions. The Shedd case, however, deals with successive attempts to relitigate after the rights of the party have been "finally and conclusively determined," and, perhaps, comes within the exception stated in the Pence case. Since the rights of the suitor had been finally and conclusively determined, further litigation would have "no relation to pro-. tection of any right of the suitor." The present action is not of that nature. While all the proceedings sought possession of the premises, they were based on different grounds. The judgment in no one of the cases was conclusive as to others. There was no attempt to relitigate the same question. We are not called upon and do not decide the effect of successive suits brought to harrass a defendant after the rights of the parties have been finally and conclusively determined.

In our opinion the amended complaint failed to state a cause of action and the judgment of the lower court was correct.

Affirmed.

CAYTON, Associate Judge (dissenting).

Four times a tenant was haled into court by his landlord in an attempt to dislodge him from possession of dwelling property. Four times the tenant prevailed and the court found plaintiff's suits to be without merit. All four suits were filed maliciously, without just cause, and in bad faith. The tenant suffered various items of damage which he listed in his complaint including not only the usual damages which might be expected to flow from such a series of suits but also special damages to his reputation because of the charge of disorderly conduct made against himself and wife. All that, the plaintiff below stated in his complaint and presumably could prove. And yet the trial judge refused to let him prove anything and refused to require any answering pleading by defendants. And the majority opinion upholds that action and says that plaintiff has not stated enough to make out a cause of action. I cannot agree that this plaintiff and others like him—victims of multiple, malicious actions—must be without a remedy. I think that, save in exceptional cases, it is repugnant to the spirit of present-day pleading to judge a claim in advance, and before any evidence is presented. This is not such an exception.

I agree that the courts should be open and accessible to the public and that no man should be deterred from asserting an honest claim by fear of having to answer a retaliatory damage suit if his action should happen to fail. But there must be some check upon the spirit of malice which, it is here charged, induced the filing of repetitious suits against the defendant (plaintiff here) in the face of consistently adverse court

decisions. "The right to litigate is not the right to become a nuisance." It is certainly not the right repeatedly to abuse the processes of the courts, twist them out of their intended purpose, and make of them instruments of oppression.

Bound as we are by the decision in the Peckham case, we are certainly not bound to extend the ruling there made and create a no-man's-land in the law and invite unscrupulous plaintiffs to use multiple suits as a means of wearing a defendant down to the point of capitulation.

Moreover, there are two sharp points of difference between that case and this: (1) There the rule was applied to a single civil action; here we deal not with one action but with four, all instituted with malice, without just cause, and in bad faith, and all being part of a plan to thwart the law and deprive the tenant of property which was rightfully his. The complaint, in effect, charges a wrongful design, almost a bad-faith conspiracy to accomplish that improper purpose. (2) There the court limited the rule by denying recovery because there had been no arrest of the person or seizure of property "and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action." Here the complaint expressly charges injury to plaintiff's reputation because of the charge that he and his wife had been guilty of disorderly conduct and had committed a nuisance. That, if he could prove it, would amount to the kind of special injury described in the Peckham case, for it is certainly not the.type of damage which would "necessarily result" in all landlord and tenant actions. How far plaintiff's proof would have gone in that direction we have no way of knowing, because the trial court refused to let him prove anything. But we must for present purposes accept as true his allegations that all of the suits were brought in malice and in bad faith and caused the special damages he described.

The principles I have stated are supported and well summarized in Shedd v. Patterson, 302 Ill. 355, 134 N.E. 705, 26 A. L.R. 1004. For a discussion of the general question, and rather full references to source material, see Peerson v. Ashcraft Cotton Mills, 201 Ala. 348, 78 So. 204, L. R.A.1918D, 540. See also American Law Inst. Restatement, Torts, Vol. 3, § 674, which deals with the right to recover for malicious prosecution of civil actions generally. See also section 679 which covers the right to damages for successive malicious suits; and note that under neither section is it necessary for plaintiff to show special or unusual damages. On the contrary, section 681 in the same title provides that plaintiffs in such cases shall be entitled to recover five separately listed items of general, as well as special, damages.

From the authorities cited above, as well as from the Peckham case itself, I see no escaping the conclusion that it was error to shut off the plaintiff at the very threshold of the case and to refuse to allow him to present any evidence whatever in support of his claim. As was said in a recent case:[1] "* * * if we are in one of the 'open spaces' in the law of this jurisdiction we must fill it as well as we can, with a view to the social interests which seem to be involved and with such aid as we can get from authorities elsewhere and from 'logic, and history, and custom, and utility, and the accepted standards of right conduct.' We cannot evade this duty; for unless we establish a right in the plaintiff we establish a privilege or immunity in the defendant."

It is against the obliteration of plaintiff's rights and the creation of an unwarranted immunity in the defendant that I protest.

---

[1] Clark v. Associated Retail Credit Men, 70 App.D.C. 183, 105 F.2d 62, 64.