JOSEPH L. STOPKA, Plaintiff-Appellant, *v.* NORMAN H. LESSER, Defendant-Appellee.

First District (2nd Division)    No. 79-41

Opinion filed March 18, 1980.

DeJong, Poltrock & Giampietro (Wayne B. Giampietro, of counsel), for appellant.

Byrne and Schrenk, of Chicago (John M. Barnes, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Should the special injury requirement in malicious prosecution actions in Illinois continue to be the law in Illinois? That is the overriding issue raised in this appeal from the malicious prosecution and legal malpractice action brought by plaintiff, Joseph L. Stopka (Stopka), against Norman H. Lesser (Lesser). Lesser filed a motion to dismiss the

suit for failure to state a cause of action. The principal issue before this court is whether Stopka has alleged sufficient facts to state a claim for relief.[1]

Lesser is a licensed attorney. One of his clients, James Luzzi (Luzzi), suffered an injury for which he received medical treatment at a hospital emergency room. As a result of that treatment Lesser filed, in Luzzi's behalf, a medical malpractice suit against the hospital and a treating physician. Almost five months later, Lesser filed an amended complaint alleging that Stopka, a licensed physician, was guilty of medical negligence. Stopka, an inactive hospital staff member, had no connection with Luzzi's treatment. Seventeen months after he was named as a malpractice defendant, Stopka was dismissed from the action.

Stopka then brought this two-count complaint against Lesser.[2] In count one Stopka alleges that had Lesser consulted hospital records available to him through discovery, he would have known Stopka had no connection with Luzzi's treatment and, thus, he would have known no probable cause existed to sue Stopka. The record discloses no special circumstances attending Lesser's filing of the amended complaint, and the running of the statute of limitations was not imminent. Therefore, Stopka complains Lesser maliciously named Stopka as a medical malpractice defendant and. caused him to be damaged in his reputation, to suffer mental anguish, to devote much time to his defense, and to pay increased medical malpractice insurance premiums.

Count two, in addition, states Lesser breached a duty to Stopka, proximately causing the aforesaid damages, and therefore is guilty of legal malpractice.

Lesser filed a motion to dismiss the complaint alleging Stopka failed to state sufficient facts to satisfy the special injury requirement for a malicious prosecution action. He also claimed that count two failed to state a cause of action because Lesser owed no recognized legal duty to Stopka. The trial court granted Lesser's motion and dismissed the action.

## I.

### A.

Stopka first contends he has alleged sufficient injury to justify recovery from Lesser. He argues that although the traditional definition of special injury may not include the injuries he has suffered, his injuries are

---

[1] Also pending before this court is Lesser's motion to dismiss this appeal on the ground that it raises no meritorious issues of law. The instant appeal arises from a genuine controversy involving concrete questions of law. This court has jurisdiction to hear the appeal. We believe the circumstances of this case merit discussion. Therefore, we deny Lesser's motion for dismissal.

[2] Stopka originally named Luzzi as a codefendant, but that action is not before this court.

equivalent to and should be treated like those suffered by successful claimants in suits sounding in other recognized torts. He also argues that the circumstances of this case require a reassessment of the special injury requirement to malicious prosecution actions in Illinois.

■■ An action for malicious prosecution is brought to recover damages suffered by one against whom a suit has been filed maliciously and without probable cause. (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 250, 8 N.E.2d 668.) To obtain recovery under the theory of malicious prosecution Illinois courts have traditionally required a suitor to plead and prove the following five elements:

> "(1) [T]he institution of civil proceedings by the defendant; (2) termination of such proceedings in favor of plaintiff; (3) want of probable cause for the proceeding; (4) malice on the part of defendant in bringing such proceedings; and (5) special injury to plaintiff as a result of such action." *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 150, 351 N.E.2d 285; see generally *Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 239; *Schwartz v. Schwartz; Bonney v. King* (1903), 201 Ill. 47, 50, 66 N.E. 377; *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 627, 51 N.E. 569.

■■ The element of special injury has been defined as that "injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action." (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 250.) Thus, the appellate court has held special injury to be that injury "beyond the anxiety, loss of time, attorney fees, and necessity for defending one's reputation, which are an unfortunate incident of many (if not most) lawsuits." *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 818, 372 N.E.2d 685; see also *Madda v. Reliance Insurance Co.* (1977), 53 Ill. App. 3d 67, 71, 368 N.E.2d 580, *appeal denied* (1978), 67 Ill. 2d 592; see generally *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475, 376 N.E.2d 991; 52 Am. Jur. 2d *Malicious Prosecution* §11 (1970).

■■ The instant count, construed in a light most favorable to Stopka, fails to set forth sufficient facts to meet the criteria stated above. Each of the four injuries alleged by Stopka fall within the "ordinary injury" Illinois courts have expected defendants to suffer as the result of malpractice litigation, whatever its merits. See, *e.g., Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 946, 381 N.E.2d 1367, *appeal denied* (1979), 72 Ill. 2d 581 (same injuries claimed and rejected as special injuries); accord, *Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 336, 375 N.E.2d 480; *Balthazar v. Dowling* (1978), 65 Ill. App. 3d 824, 826, 382 N.E.2d 1257, *appeal denied* (1979), 74 Ill. 2d 585; *Lyddon v. Shaw.*

### B.

■■ Count two of Stopka's complaint frames his allegations in terms of a

traditional negligence action. In *T. E. Hill Co. v. Contractors' Supply & Equipment Co.* (1911), 249 Ill. 304, 310, 94 N.E. 544, our supreme court stated:

"At common law a person is not liable for bringing any suit, criminal or civil, or for causing a seizure of property, if the court had jurisdiction of the subject matter and the parties, unless he acts maliciously and without probable cause."

The holding in *"Hill* still represents the state of the law in Illinois. [Citations.]" (*Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 331.) Thus, count two fails to state a cause of action currently recognized in Illinois.

## C.

Stopka urges this court to modify our supreme court's prior decisions by expanding the standard of injury sufficient to support an action for wrongful litigation. In support of this argument Stopka contends the present cause of action affords no substantial protection to those who suffer actual damage by the wrongful filing of litigation against them.[3] Furthermore, he argues that public policy considerations which promote access to the courts suggest a liberalization of the requirements for a malicious prosecution action.

■■ It is elementary that it is not within this court's authority to overrule our supreme court or to modify its decisions. (*Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863; *Belden Manufacturing Co. v. Chicago Threaded Fasteners, Inc.* (1967), 84 Ill. App. 2d 336, 340, 228 N.E.2d 532, *appeal denied* (1968), 37 Ill. 2d 625.) We are therefore compelled to hold that Stopka's injury allegations fail to satisfy the current special injury requirements. *Schwartz v. Schwartz.*

Our holding, however, does not mean that we believe the circumstances of this case are equitably resolved. An attorney who files a clearly meritless suit should not be protected.[4] At present, a majority of American jurisdictions do not condition recovery for wrongful litigation

---

[3] In support of Stopka's contention, his brief contains a table showing the final resolution of malicious prosecution lawsuits brought to trial in Illinois since 1848. Of the 191 cases tried, Stopka claims the plaintiff has been successful in only eight actions arising out of an underlying civil suit. As of this date, not one action has been terminated in a plaintiff's favor since 1934.

[4] The current protection afforded attorneys by the Illinois special injury requirement grew from the original concern that every citizen have unfettered access to the courts to claim what he deems to be his right. (*Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 628; see generally *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 821-22.) That concern is not offended by a requirement that attorneys investigate whether a possibility of recovery exists. The obvious failure to so investigate in this case should not be protected. The judicial system should not set up and maintain such an inequitable, artificial standard which can permit unprincipled attorneys to file meritless lawsuits.

upon proof of extraordinary injury.[5] We believe a reassessment of the special damages requirement in this jurisdiction is appropriate. It should result in the establishment of an alternative that would impose a meaningful duty upon attorneys to ascertain whether the said party sued is possibly liable for a wrong committed and, absent any exigency, where that possibility does not exist, to effectively deter[6] meritless litigation by providing a recovery[7] from the attorney to the victim without the requirement of special damages. The alternative need not result in the interminable litigation feared by the court in *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 629. On the contrary, a modification of the special injury standard may act as a restraint to the fantastic growth of sometimes meritless lawsuits currently burdening our court system. It is evident that the existence of the special injury requirement has not curtailed this growth.

In accordance with the reasons stated above we must affirm the order of the circuit court of Cook County, which dismissed Stopka's complaint for failure to state a cause of action.

Judgment affirmed.

STAMOS and HARTMAN, JJ., concur.

---

[5] Our research reveals 23 jurisdictions do not currently require special injury, while 17 States, including Illinois, do require such a showing. See *O'Toole v. Franklin* (1977), 279 Ore. 513, 518, 569 P.2d 561, 564, and cases collected therein.

[6] In *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 950, it was suggested that a defendant to a meritless lawsuit had the following effective remedies: (1) an action against the plaintiff in the prior suit for either malicious prosecution, or (2) abuse of process; (3) recovery of attorneys' fees by motion under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41); and (4) involvement in the institution of disciplinary proceedings against the offending attorney. None of these "remedies" would be effective in remedying the inequities presented by the facts of this case.

[7] Article I, section 12 of the Illinois Constitution of 1970 provides as follows:

"Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely and promptly."