Harry Keller, Plaintiff-Appellant, v. Continental Distributing Co., Inc., a Corporation, Defendant-Appellee.

Gen. No. 52,870.

First District.

February 3, 1969.

Morris A. Gzesh, of Chicago, for appellant.

Rudnick & Wolfe, of Chicago (Lester D. Foreman, of counsel), for appellee.

ALLOY, P. J.

On March 4, 1964, defendant Continental Distributing Co., Inc., a corporation, filed an action in the Circuit Court of Cook County to recover judgment by confession on a judgment note of plaintiff, Harry Keller, which was executed on August 14, 1961. The standard form of confession of judgment complaint, answer, etc. was used by Continental, and was fully completed with the exception of an omission to have an attorney sign the form waiving service and confessing the amount due Continental in the customary manner. This omission was not noticed by either the clerk of the court or the judge. Judgment was entered in the cause on March 5, 1964. On March 23, 1964, an execution was issued on the judgment which was returned "no property found." On June 19, 1964, plaintiff Keller contends a levy was directed against his property, and on July 3, 1964, personal property of plaintiff Keller was levied against, although the property was left with Keller. Defendant Continental asserts that there was no actual levy as against the property of Keller, but rather that the procedure was one of a "household appraisal" where the bailiff does not assume custody of the property or post any sign or proceed to sell such property. On July 9, 1964, Continental learned

for the first time of its failure to have an attorney sign the confession of judgment form. Upon discovering this omission, Continental immediately withdrew the levy or "household appraisal." On July 13, 1964, the court vacated the judgment of Continental and gave Continental leave to file an amended statement of claim. Such amended statement of claim was filed and the cause is apparently still pending in the Circuit Court of Cook County.

Thereafter, plaintiff Keller in the instant case filed an action for actual and exemplary damages against defendant Continental, alleging that he incurred attorney's fees in defending the action, and suffered embarrassment and mental anguish due to the levy on his property; and also that he suffered damages through interference with his right to dispose of his property. The trial court dismissed such complaint on motion by defendant. The trial court found that the second amended complaint of plaintiff failed to plead a cause of action as against defendant. Defendant elected to stand by his pleading, following which the action was dismissed. Plaintiff Keller appealed to this Court.

The complaint of plaintiff does not definitively classify or disclose in its allegations the type of action which is being pursued (e. g. whether malicious prosecution, or abuse of process). It seems to be based on a theory that plaintiff has a cause of action because defendant attempted to enforce a void judgment, and in so doing, wrongfully levied upon plaintiff's personal property. Plaintiff contends that White v. Jones, 38 Ill 159, is a precedent for such action. Such case simply concludes that if there is no proper entry of appearance or service on a defendant, there is no jurisdiction over defendant, and any judgment is thus void and all subsequent proceedings are void. Defendant does not contend that the judgment obtained in the present case was a valid one. The mere fact that Continental unknowingly proceeded

upon the void judgment, does not automatically mean that the conduct of Continental was wrong in such manner as to make the consequences thereof actionable by plaintiff. In McDaniel v. Fox, 77 Ill 343, cited by plaintiff, the court was dealing with a levy on a fraudulent judgment. The conclusions in that case are not, in any manner, applicable in view of the conduct of the defendant in the case before us.

Plaintiff also cites Smith v. Hughes, 24 Ill 270, which concludes that a levy is valid even if defendant still retains possession of the property levied against. While there is a question in the instant case whether there was even a levy, the Smith v. Hughes case does not lead to the inevitable conclusion that the mere recital of the making of such levy, without knowledge of the invalidity of the judgment, vests plaintiff with a cause of action.

■ While the motion to strike admits all facts which are properly pleaded, it does not admit the description of defendant's conduct which plaintiff characterized as "reckless," "wrongful," and "unjustified." The only fact alleged in the instant case was the failure to obtain the signature of an attorney on a confession of judgment. No facts are alleged which show any reckless conduct in this connection (Schroeder v. Busenhart, 80 Ill App2d 431, 225 NE2d 702). As stated in Stedman v. Spiros, 23 Ill App2d 69, 161 NE2d 590 (at page 81):

> "The motion to strike or dismiss admits the truth only of facts properly pleaded, as distinguished from conclusions, and every allegation is to be taken most strongly against the pleader."

The Cook County trial court could have taken judicial notice of the procedure of having a disinterested attorney sign a confession of judgment document and the court could have concluded, reasonably, that such failure to obtain the signature was not in itself reckless, malicious, or wrongful, but was merely an oversight.

Defendant had nothing to gain by failing to obtain the signature (which could be readily obtained) and it is clear that defendant did not obtain the judgment knowing that the signature was missing. The complaint, therefore, is reduced to the simple allegation that defendant commenced simply to enforce a judgment, which it later discovered was void. It is noted that immediately upon discovery of the omission to have the signature of counsel, defendant abandoned all efforts to enforce the judgment.

■ ■ If the theory of plaintiff was that the complaint stated a basis of an action for malicious prosecution, then such complaint could not be sustained. In an action for malicious prosecution, plaintiff must show that the previous suit terminated in plaintiff's favor; that there was no probable cause for the proceeding; and also that there was malice or knowledge on part of the parties instituting the first suit that it was not properly founded (Schwartz v. Schwartz, 366 Ill 247, 8 NE2d 668; Smith v. Michigan Buggy Co., 175 Ill 619, 51 NE 569). The record fails to show any of the necessary elements as a foundation for a cause of action for malicious prosecution. It is apparent that a proceeding was not terminated in favor of Keller, plaintiff, in the cause before us since it is still pending in Cook County. Even if there was an allegation of termination in favor of plaintiff, the trial judge could have taken judicial notice that the matter was still pending in the Circuit Court. There was no allegation that the suit was brought without probable cause. Obviously, but for the omission of the signature of a disinterested attorney, which could have been obtained easily, the judgment would have been valid. An allegation of a failure to obtain such signature does not amount to an allegation of lack of probable cause for bringing the action.

■ ■ The only other apparent theory upon which plaintiff might have predicated his action is that of abuse

of process. In such situation defendant commits that tort only when he uses regular legal process in such way as to obtain some collateral benefit outside the scope of the action in which the process was used. Abuse of process has been defined by the courts in this State as "the misuse of proper process to effect an object not within its proper scope" (Ammons v. Jet Credit Sales, Inc., 34 Ill App2d 456, 462, 181 NE2d 601). The courts in Illinois have held that there are two necessary elements in such action (1) the existence of an ulterior purpose, and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings (Dixon v. Smith-Wallace Shoe Co., 283 Ill 234, 119 NE 265). These same two essentials were outlined in the case of Coplea v. Bybee, 290 Ill App 117, 8 NE2d 55, which plaintiff cites in his brief. Neither of the elements were shown by the record in the instant case. The basis of an action for abuse of process is that defendant intentionally or wilfully used the legal process for an improper purpose. This element is not present in the instant case and is not shown by the record.

It is, therefore, apparent in this case that the judgment was void due only to an oversight by defendant Continental. The courts recognize that obtaining a signature of an attorney in a confession of judgment procedure, is normally a routine ministerial procedure. This step, obviously, would not have been omitted knowingly. It is clear in the case before us that as soon as defendant learned the signature had been omitted, it withdrew all further proceedings, and indicated clearly by its actions that it had no knowledge of the failure to obtain the signature. On the basis of the record before us, therefore, we must conclude that the order of the Circuit Court of Cook County was proper and should be affirmed.

Affirmed.

STOUDER and SCHEINEMAN, JJ., concur.