WERNER EWERT, JR., Plaintiff, *v.* WIEBOLDT STORES, INC., *et al.,* Defendants.—(WORLD SAFETY DEVICE COMPANY, Counterclaimant-Third-Party Plaintiff-Appellant, *v.* WERNER EWERT, JR., Counterdefendant-Appellee—(LEO S. KARLIN *et al.,* d/b/a Karlin & Fleisher, Third-Party Defendants-Appellees).)

First District (5th Division)    No. 61813

Opinion filed April 23, 1976.

Kenart M. Rahn, of Chicago, for appellant World Safety Device Company.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and A. Jeffrey Seidman, of counsel), for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:
This is the appeal of defendant World Safety Device Company (World) from the dismissal of its counterclaim and third-party complaint, both of which sought damages for an alleged abuse of process by counterdefendant Werner Ewert, Jr. and third-party defendants Karlin & Fleisher, who were Ewert's attorneys, because of their action in filing a second amended complaint impleading World as a party defendant and causing summons to be served upon it.

Ewert sought relief for injuries suffered in a fall while employed as a window washer on the premises of Wieboldt Stores, Inc. In Count II of his second amended complaint, Ewert alleged that one or more of several named defendants, including World, had designed, manufactured, sold or distributed a certain harness device; that plaintiff had used said harness device in connection with his employment as a window washer; that the harness device as designed, manufactured, sold or distributed was unreasonably dangerous when it left the control of the defendants in that it was not fit for the purpose intended; and that plaintiff was injured when the device collapsed while he was using it.

World answered by denying its corporate existence on or before the date of the alleged injury. Further, in both its counterclaim and third-party complaint, World alleged that Ewert and his attorneys (1) had actual knowledge or in the exercise of ordinary care should have known that World was not in existence and had transacted no business at any time prior to the date of plaintiff's injury; (2) knew or should have known that the filing of such suit would result in serious damage to the reputation and goodwill of World and would hinder the sale of its product; (3) were aware that the filing of the second amended complaint would inevitably result in an expense to World for the retention of attorneys; (4) had a duty to refrain from the use of process of the courts for any purpose other than the purpose of securing redress for bona fide claims; (5) conspired to cause the issuance of process for the sole purpose of harassing and annoying World. Both pleadings further alleged that as a direct and proximate result thereof, World was damaged in its goodwill and reputation and incurred legal expense and other costs.

Ewert and his attorneys moved to dismiss the counterclaim and third-party complaint on two grounds. First, they stated that World failed to allege any acts constituting the use of process in a manner not proper in the regular prosecution of judicial proceedings under Illinois law. Second, they asserted that because World had suffered neither an actual arrest nor a seizure of its property, it had no cause of action for abuse of process. This appeal is brought from the order granting the motions to dismiss.

OPINION

■■■ The elements necessary to establish a cause of action for abuse of process in Illinois are well settled. In order to effectively state such a claim the pleading must allege (1) the existence of an ulterior purpose or motive; and (2) some act in the use of the legal process not proper in the regular prosecution of the proceedings. (*Bonney v. King*, 201 Ill. 47, 66 N.E. 377; *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 282 N.E.2d 452; *Ammons v. Jet Credit Sales, Inc.*, 34 Ill. App. 2d 456, 181 N.E.2d 601; *Coplea v. Bybee*, 290 Ill. App. 117, 8 N.E.2d 55.) This second element

generally has been found only in instances in which plaintiff has suffered an actual arrest or a seizure of property. (*Alberto-Culver Co. v. Andrea Dumon, Inc.* (N.D. Ill. 1969), 295 F. Supp. 1155; *Holiday Magic, Inc.; John Allan Co. v. Brandow*, 59 Ill. App. 2d 328, 207 N.E.2d 339.) Thus, it has been held that "mere institution of a suit or proceeding, even with a malicious intent or motive, does not itself constitute an abuse of process." (*Holiday Magic, Inc.*, at 967.) The test in such cases is whether process has been used to accomplish some end which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do. *Alberto-Culver Co.; Keller v. Continental Distributing Co.*, 105 Ill. App. 2d 327, 245 N.E.2d 513; *Coplea.*

■■ In the instant case, World has alleged no acts of Ewert or his attorneys other than the mere institution of a civil action. No improper use of process has been charged, nor has any damage been asserted other than that necessarily incident to the filing of a lawsuit. More particularly, the complaint fails to allege an act in the use of legal process which was not proper in the regular prosecution of the proceedings. In light of these factors, we believe the trial court correctly dismissed the counterclaim and third-party complaints herein for failure to state a cause of action for abuse of process. That order is affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.