**DOCTOR'S ASSOCIATES, INC., Plaintiff,**

v.

**Sayed QASIM, et al., Defendants.**

**No. CIV. 3:99CV1653 PCD.**

United States District Court, D. Connecticut.

May 17, 2001.

Edward Wood Dunham, Wiggin & Dana, New Haven, CT, US Court of Appeals, Office of the Clerk, New York City, for Plaintiff.

Brenden P. Leydon, Tooher & Wocl, Stamford, CT, David M. Duree, David M. Duree & Associates, O'Fallon, IL, for Defendants.

*RULING ON MOTION FOR INJUNCTION*

DORSEY, Senior District Judge.

Plaintiff ("DAI") seeks to enjoin prosecution of the Illinois state court action

captioned *Wolf, et al. v. Doctor's Associates, Inc., et al.,* Cause No. 98 LM 652 (*"Wolf"*), in its entirety, as DAI claims that prosecution of *Wolf* by nonparty franchisees nullifies the Court's order compelling arbitration, because the nonparty franchisees appear to be aiding or abetting parties enjoined from prosecuting *Wolf* in such a way that the parties *are* effectively prosecuting *Wolf.* The motion is **granted in part.**

## I. BACKGROUND

DAI brings these actions because David M. Duree, on behalf of a purported class comprised of Subway franchisees, has sued DAI in Madison County, Illinois instead of arbitrating their disputes per the Subway franchise agreement. In 1998, in continuation of his repeated efforts, using each new franchisee who comes into his representation, to invalidate DAI's franchise agreement's arbitration clause, Duree filed two putative class actions in Madison County: *William Hargett, et al. v. Doctor's Associates, Inc. et al.,* Cause No. 98 L 410, and *Daniel Wolf, et al. v. Doctor's Associates, Inc. et al.,* Cause No. 98 LM 652. Pursuant to an October 29, 1999 ruling, the Court enjoined Duree and the franchisees, and anyone in active concert and participation with them, from prosecuting existing or new lawsuits relating to franchise agreement disputes. The 5 nonparty franchisees were enjoined from litigating on behalf of the 51 party franchisees. On appeal, Duree represented to the Second Circuit that the 51 parties had been "carved out" of the putative class in *Wolf,* and thus argued that the injunction should be vacated as to the 5 nonparty franchisees so that they could pursue their individual claims. Based on this representation, the Second Circuit vacated the injunction as to the 5 nonparty franchisees, i.e., "to the extent that it bars non-parties' prosecution of actions that do not consti-

tute 'aiding or abetting' or 'active concert or participation' with defendant-franchisees that are parties before the District Court." *Doctor's Assoc. v. Qasim,* 2000 WL 1210868, *3, 225 F.3d 645 (2d Cir. Aug. 24, 2000).

DAI now argues that the facts are in conflict with Duree's representation to the Second Circuit as the 51 enjoined franchisees remain parties in the *Wolf* lawsuit. DAI thus seeks to modify the existing injunction to prevent Duree from prosecuting any portion of *Wolf.*

## II. DISCUSSION

A hearing was held on April 30, 2001 to give Duree and the 5 nonparty franchisees an opportunity to show cause why *Wolf* should not be enjoined and to allow Duree to defend the representation that he made to the Second Circuit. Interestingly, without appearing himself, Duree had local counsel, new to the case, appear at the hearing to defend the nonparty franchisees. Local counsel stated that he had no objection to requesting a severance in *Wolf,* to amending the *Wolf* complaint, or to the complete removal of the 51 enjoined parties from *Wolf.* As he only represents the nonparty franchisees, however, local counsel was constrained as to assurances that he could make that required action by the 51 enjoined parties. Post-hearing, Duree submitted written objections on behalf of the nonparty franchisees asserting that he did not misrepresent the status of *Wolf* to the Second Circuit—he admits that the 51 parties *are* still parties in *Wolf* but says that they have not violated the Court's injunction and that the first amended complaint in *Wolf* excludes them from any proposed class.

There is no question but that this Court's injunction precludes the 51 parties from litigating any matter subject to the

arbitration clause of their franchise agreements. The reach of an injunction may extend to nonparties. A court's order granting an injunction is binding on "the parties to the action, their officers, agents, servants, employees, and attorneys, and *upon those persons in active concert or participation with them who receive actual notice of the order.*" Fed.R.Civ.P. 65(d) (emphasis added). *Wolf*'s caption names the 51 enjoined parties. Duree admits that the 51 enjoined parties remain parties in *Wolf*. While Duree states that the enjoined parties have taken no steps to prosecute *Wolf* after being enjoined, the nonparty franchisees are—perhaps unwittingly—aiding the enjoined parties in the prosecution of *Wolf*. For example, if DAI files an unsuccessful motion to dismiss in *Wolf* for failure to state a claim, the nonparty franchisees will have advanced the case of the enjoined parties by successfully defeating the motion and created favorable "law of the case" for the enjoined parties. In short, though enjoined, by error, oversight, or design, with the 51 still being named as parties in *Wolf* and considered by Duree as parties therein, the 51 enjoined parties could be deemed to accrue a benefit from a class adjudication in *Wolf*.

No reason appears why the 5 nonparty franchisees would be disadvantaged by a clear, total elimination from *Wolf* of the 51 enjoined parties. Nor does a reason appear why the 51 enjoined parties insist on remaining parties in *Wolf* when they have been compelled to arbitrate and have been enjoined from prosecuting their state court claims. *Wolf* presents an issue determined by this Court, and sustained on appeal, as being subject to arbitration. Duree's refusal to remove the enjoined parties from *Wolf*, thereby subjecting the nonparty franchisees to repeated litigation in this Court and possibly a finding of noncompliance with the Court's injunction, suggests

a distinction of the interests of the 51 enjoined parties in these matters from those of the 5 nonparty franchisees. Thus, there may be a conflict of interest in Duree's representing both the 51 enjoined parties and the 5 nonparty franchisees. The marked difference in positions between Duree and local counsel, who is *only* representing the nonparty franchisees, highlights the potential conflict in that local counsel has no objection to severance but Duree resolutely defends the status quo of the 51 in *Wolf*.

Accordingly, it is found that the nonparty franchisees, by retaining the 51 enjoined franchisees as parties and as named plaintiffs, are aiding and abetting the 51 enjoined parties in prosecuting *Wolf*. It is further found that the 51 enjoined parties continue to prosecute *Wolf* by remaining in the case, potentially allowing the nonparty franchisees to advance their cause. Thus, it is hereby ORDERED that: Mr. Duree and the 51 enjoined franchisees dismiss the 51 enjoined franchisees as parties and class members in *Wolf* and, by an appropriate amendment of the complaint, remove any reference or naming of then in the caption or body of the complaint. Any such curative pleading(s) must (a) make clear that the 51 enjoined franchisees compelled to arbitrate are not, in fact, parties to or in any way participating in *Wolf* as plaintiffs, class representatives, or class members, nor are any rights or claims of any and all of the 51 enjoined parties claimed or intended to be adjudicated, in any respect, on their behalf as class members, and (b) clarify by elimination, and not merely by disclaimer, that the class the 5 nonparty franchisees seek to represent does not include the 51 enjoined franchisees, or any other franchisees who are currently subject to orders compelling arbitration or enjoining litigation. This order is entered to clarify the

existing injunction in this case, which remains in full force and effect as modified and approved by the Second Circuit on August 24, 2000.

## III. CONCLUSION

The motion for an injunction (doc. 75) is hereby **granted in part.** The clerk shall close the file.

SO ORDERED.