(text box: 1) NO. 5-03-0390

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

RUTH REED, DAN KEATING, DENNIS DeSPAIN, )  Appeal from the

TERRY DeSPAIN, CHARLES MANSFIELD SMITH )  Circuit Court of

III, and All Other Subway Franchisees Who Qualify )  Madison County.

for Inclusion in the Proposed Class, )

)

Plaintiffs-Appellants, )

)

v. )  No. 98-LM-652

)

DOCTOR'S ASSOCIATES, INC., )  

FREDERICK DeLUCA, and PETER H. BUCK, )  Honorable

)  Clarence W. Harrison II,

Defendants-Appellees. )  Judge, presiding.

___________________________________________________________________________

PRESIDING JUSTICE DONOVAN delivered the opinion of the court: 

The appellants, Ruth Reed, Dan Keating, Dennis DeSpain, Terry DeSpain, and Charles Mansfield Smith III, along with more than 50 other named plaintiffs-franchisees, brought an action on behalf of themselves and as representatives of a proposed class of Subway sandwich shop franchisees, against the defendants, Doctor's Associates, Inc., Frederick DeLuca, and Peter H. Buck, alleging that they had breached the Subway franchise agreements and engaged in malicious prosecution and abuse of process and that the arbitration clause in the franchise agreements was invalid.  The Madison County circuit court dismissed with prejudice the claims of malicious prosecution and abuse of process and denied the motions to vacate the order staying the declaratory-judgment and breach-of-contract claims in favor of arbitration.  On appeal, the appellants contend that the circuit court (1) erred in dismissing the counts for malicious prosecution and abuse of process because the pleadings, affidavits, and documents on file do not affirmatively negate those claims and (2) abused its discretion in refusing to vacate the stay order.

I. Introduction and Procedural History

A. Introduction

Doctor's Associates, Inc. (DAI), is the national franchisor of Subway sandwich shops.  It is a Florida corporation that maintains an office in Connecticut.  Frederick DeLuca and Peter H. Buck are the co-owners of DAI.  Ruth Reed, Dennis DeSpain, Terry DeSpain, and Charles Mansfield Smith III are residents of Florida.  Dan Keating is a resident of Connecticut.  Each appellant is a present or former Subway franchisee.  Each entered into a written franchise agreement with DAI.  The franchise agreements contain an arbitration clause that states in pertinent part as follows: "Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by Arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association at a hearing to be held in Bridgeport Connecticut ***." 

On May 28, 1998, more than 50 named franchisees, including the appellants, filed a three-count complaint in the Madison County circuit court against DAI, DeLuca, and Buck, styled Wolf v. Doctor's Associates, Inc., No. 98-LM-652.  The complaint was filed on behalf of the named franchisees and "all other Subway franchisees, past or present, similarly situated".  In count I, the franchisees moved to certify the case as a class action and sought damages for breach of the franchise agreements.  In count II, the franchisees alleged that the defendants had violated sections 5, 6, and 26 of the Franchise Disclosure Act of 1987 (815 ILCS 705/5, 6, 26 (West 1996)), but that claim was abandoned in a later version of the complaint.  In count III, the franchisees asked the court to enter a judgment declaring the arbitration clause in the franchise agreements to be void and unenforceable.

We pause to note that in Madison County circuit court, cause No. 98-LM-652 (Wolf) was the third case alleging a breach of the Subway franchise agreements and seeking class certification.  Hargett v. Doctor's Associates, Inc., No. 96-L-410, and Hollingsworth v. Hart, No. 96-L-525, preceded it.  Attorney David Duree represented the franchisees in all three actions.  A discernable pattern of litigation developed in these cases.  Typically, DAI made an arbitration demand shortly after the plaintiffs-franchisees filed their action in Madison County circuit court.  When the demand was ignored or rejected, DAI brought an action in federal court in Connecticut to compel the plaintiffs-franchisees to arbitrate the contractual issues in Connecticut and to enjoin the state court proceedings.  A summary of the Connecticut proceedings will be interwoven with the description of the Madison County proceedings in order to paint a more complete picture of the breadth of this litigation.  Our summary of the Connecticut litigation is based primarily on the statements of facts and the findings contained in written decisions of the United States District Court for the District of Connecticut (Connecticut district court) and the United States Court of Appeals for the Second Circuit (Second Circuit).

B. The Circumstances of the First Challenged Injunction

In July 1998, the Connecticut district court issued injunctions in three consolidated cases, including 
Doctor's Associates, Inc. v. Hollingsworth
, 949 F. Supp. 77 (D. Conn. 1996).  DAI had filed a petition in the Connecticut district court seeking to compel arbitration and to enjoin state court litigation against 31 of 34 Subway franchisees who had filed an as-yet-uncertified class action in the circuit court of Madison County, Illinois, in No. 96-L-525 (Hollingsworth).  
Hollingsworth
, 949 F. Supp. 77.  The three franchisees who were excluded were Florida residents, and their inclusion would have destroyed federal diversity jurisdiction.  The defendants-franchisees moved to dismiss the petition on the grounds that DAI was not an aggrieved party entitled to compel arbitration because it was not a named defendant in cause No. 96-L-525 (Hollingsworth).

Following a hearing, the Connecticut district court rejected that contention.  The district court compelled the 31 defendants-franchisees to arbitrate and enjoined the prosecution of the state court action.  
Hollingsworth
, 949 F. Supp. at 80, 86.  The district court concluded that the defendants-franchisees had attempted to avoid arbitration by suing individual agents rather than the party to the arbitration clause in the Illinois case, that DAI was an aggrieved party entitled to petition to compel arbitration after the franchisees refused to arbitrate, and that the allegations in the state court action arose from and related to the franchise agreement and were proper subjects for arbitration.  
Hollingsworth
, 949 F. Supp. at 83-84.  The decision compelling arbitration and granting injunctive relief was summarily affirmed.  
Doctor's Associates, Inc. v. Reinert & Duree, P.C.
, 191 F.3d 297, 300 (2d Cir. 1999).

On June 25, 1998, DAI filed a motion in the Connecticut district court asking it to hold attorney Duree in contempt and to order sanctions because he continued to represent enjoined franchisees in the state court actions (Nos. 98-LM-652 (Wolf) and 96-L-410 (Hargett)) in Madison County, Illinois, in violation of the aforementioned injunction.  
Reinert & Duree, P.C.
, 191 F.3d at 301.  It is worth mentioning that 37 of the 40 named plaintiffs-franchisees in cause No. 96-L-410 (Hargett) were also defendants-franchisees who had been enjoined from prosecuting their claims in 
Doctor's Associates, Inc. v. Hollingsworth
.  At some point prior to a hearing on DAI's contempt petition, the Madison County circuit court granted attorney Duree's request to voluntarily dismiss those 37 franchisees from cause No. 96-L-410 (Hargett).  
Reinert & Duree, P.C.
, 191 F.3d at 301.

On July 15, 1998, the Connecticut district court conducted a hearing on the contempt petition.  Though it was unable to conclude that Duree had violated the injunctions by continuing to prosecute cause Nos. 98-LM-652 (Wolf) and 96-L-410 (Hargett), the district court did determine that the prosecution of those causes should be stopped, and it directed DAI's counsel to draft a proposed injunction.  
Reinert & Duree, P.C.
, 191 F.3d at 301.  At that point, attorney Duree and the plaintiffs-franchisees who remained in those causes filed special appearances in the Connecticut district court in order to object to the proposed injunction.

On July 29, 1998, the Connecticut district court entered an order that was quoted by the Second Circuit in pertinent part as follows: (1) " '[The party franchisees in 
Doctor's Associates, Inc. v. Hollingsworth
], their agents, attorneys ***, and all other persons in active concert or participation with them, including all named and unnamed class action plaintiffs in [cause Nos. 96-L-525 (Hollingsworth), 96-L-410 (Hargett), and 98-LM-652 (Wolf)] brought in Madison County, with notice of this order, are enjoined from prosecuting ... [cause Nos. 96-L-410 (Hargett) and 98-LM-652 (Wolf)] and from prosecuting in any other action (whether now pending or filed in the future) any of the claims asserted in those lawsuits, until further order of this Court' "; and (2) " '[A]ny franchisee represented by Mr. Duree, by [his firm,] or by lawyers working in conjunction with Mr. Duree[] is barred from commencing or prosecuting litigation against DAI ... unless the franchisee obtains advance approval from this Court.' "  
Reinert & Duree, P.C.
, 191 F.3d at 302.  The injunction was imposed on nonparty franchisees in order " 'to preserve and effectuate the judgments of this Court and the Second Circuit.' "  
Reinert & Duree, P.C.
, 191 F.3d at 302.  The district court reached the conclusion that the Hollingsworth defendants were the "virtual representatives" of the unnamed class members in the Illinois state court cases.  Duree and the franchisees appealed.

In a decision issued in August 1999, the Second Circuit concluded that the challenged portions of the injunction were overly broad, and the court vacated them.  
Reinert & Duree, P.C.
, 191 F.3d at 297.  The Second Circuit determined that the orders could not be sustained because (1) they were directed against franchisees who were neither parties to the district court case nor in privity with or represented by the franchisees enjoined in that case and (2) they barred nonparty franchisees from litigating for their own benefit claims that did not assist the franchisees in evading the district court's decrees.  
Reinert & Duree, P.C.
, 191 F.3d at 303-05.  

On October 8, 1999, with leave of court, the franchisees in cause No. 98-LM-652 (Wolf) filed an amended complaint adding counts for malicious prosecution and abuse of process. 

C. The Circumstances of the Second Challenged Injunction

The injunction that spurred the second set of malicious-prosecution and abuse-of-process allegations arose from a case called 
Doctor's Associates, Inc. v. Qasim
, 225 F.3d 645 (2d Cir. 2000) (unpublished summary order).  After the challenged orders entered in 
Doctor's Associates, Inc. v. Hollingsworth
 had been vacated, DAI filed petitions in the Connecticut district court to compel arbitration against all but five of the franchisees named in cause No. 98-LM-652 (Wolf).  These five nonparty franchisees are the appellants in this appeal.  They were excluded to preserve diversity jurisdiction.  DAI also sought to enjoin the prosecution of any claims relating to the franchise agreements that had been raised in cause Nos. 98-LM-652 (Wolf) and 96-L-410 (Hargett). 

In October 1999, the Connecticut district court granted DAI's petitions to compel arbitration against the defendants-franchisees.  The district court also enjoined the defendants-franchisees, their agents, attorneys, servants, and employees, and all other persons in active concert or participation with them, including the appellants and any unnamed class action plaintiffs, from prosecuting in cause Nos. 98-LM-652 (Wolf) and 96-L-410 (Hargett) until further order of the court.  
Qasim
, 225 F.3d 645.

On appeal, DAI argued that the injunction was proper because the appellants could pursue claims on behalf of the enjoined franchisees who had never been dismissed from cause No. 98-LM-652 (Wolf).  In his arguments to the Second Circuit, attorney Duree represented that the complaint in the Illinois action had been amended specifically to exclude all the enjoined defendants-franchisees from the putative class in cause No. 98-LM-652 (Wolf) and that the five remaining named plaintiffs-franchisees in that cause should be able to pursue their individual claims.  
Qasim
, 225 F.3d 645.

The Second Circuit said that an injunction might properly bind the nonparties if their participation in the Illinois actions constitutes either aiding or abetting a violation of the injunction by parties before the Connecticut district court or active concert or participation with those parties in the prosecution of the Illinois litigation.  The Second Circuit vacated the injunction to the extent that it barred the nonparty franchisees' prosecution of state court actions that do not constitute aiding and abetting or active concert or participation with the defendants-franchisees who are parties before the district court, but it affirmed the order compelling the defendants-franchisees to arbitrate.  
Qasim
, 225 F.3d 645.

After the case was remanded to the Connecticut district court, DAI moved to enjoin the appellants from prosecuting cause No. 98-LM-652 (Wolf) because the enjoined defendants-franchisees remained named parties in that case.  
Doctor's Associates, Inc. v. Qasim
, 144 F. Supp. 2d 112 (D. Conn. 2001).  During a hearing, attorney Duree was asked to defend his representations made during the appeal to the Second Circuit that the enjoined defendants-franchisees had been "carved out" of the punitive class in cause No. 98-LM-652 (Wolf).  In response, attorney Duree admitted that the 51 enjoined franchisees remained named parties in cause No. 98-LM-652 (Wolf), but he stated that they had not been active in the prosecution of that cause.  
Qasim
, 144 F. Supp. 2d at 113-14.  The Connecticut district court determined that by maintaining the enjoined franchisees as named party plaintiffs in 
cause No. 98-LM-652 (Wolf), the enjoined parties were being aided by the nonparties in the prosecution of that cause.  The court issued orders enjoining attorney Duree and the enjoined franchisees from prosecuting cause No. 98-LM-652 (Wolf), and it directed Duree to submit curative pleadings to clearly show that class membership in that cause did not include the enjoined parties as parties, participants, or class members.  
Qasim
, 144 F. Supp. 2d at 114.

Shortly thereafter, attorney Duree was granted leave to dismiss the 51 enjoined franchisees from cause No. 98-LM-652 (Wolf) and to amend the complaint to add additional counts for malicious prosecution and abuse of process.

D. The Postinjunction Proceedings

In September 2000, DAI filed applications in the Connecticut Superior Court to compel the appellants to arbitrate.  On October 10, 2000, the appellants filed a motion to dismiss the action on the grounds that the court lacked personal jurisdiction over them.  On November 13, 2000, the appellants filed a motion in the Connecticut Superior Court to stay the arbitration demands until the state court in Illinois resolved their claims for a declaratory judgment.  The Connecticut Superior Court denied the appellants' motion to dismiss and motion to stay.  
Doctor's Associates, Inc. v. Reed
, No. CV00071777S (April 25, 2001) (unpublished memorandum of decision).  In its memorandum of decision, the superior court held that when a party agrees to arbitrate in a state where the Federal Arbitration Act (9 U.S.C. §1 
et seq.
 (1994)) makes those agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration in that state.  The Connecticut Appellate Court affirmed the order of the superior court, finding that the appellants had consented to personal jurisdiction based on the franchise contract.  
Doctor's Associates, Inc. v. Keating
, 72 Conn. App. 310, 805 A.2d 120 (2002).  The Connecticut Supreme Court denied a review of that issue.  
Doctor's Associates, Inc. v. Keating
, 262 Conn. 922, 812 A.2d 864 (2002).

In September 2001, DAI moved for a stay of all proceedings in the Madison County circuit court in favor of arbitration.  The circuit court entered an order staying counts I and II.  The court stayed those counts in accordance with and giving full faith and credit to orders entered by the Connecticut Superior Court compelling arbitration.  The court refused to stay the remaining counts for malicious prosecution and abuse of process (counts III through VI), and the defendants appealed that ruling.  There was no cross-appeal from the order staying the claims of a breach of contract and the invalidity of the arbitration clause.  On appeal, this court affirmed the circuit court's conclusions that the malicious-prosecution and abuse-of-process claims were outside the scope of the arbitration clause and that a stay of nonarbitrable issues was not required.  
Reed v. Doctor's Associates, Inc.
, 331 Ill. App. 3d 618, 772 N.E.2d 372 (2002).

On remand, the appellants filed a third amended complaint.  The third amended complaint was a six-count complaint containing a claim for the breach of the franchise agreement (count I), a request for a declaratory judgment regarding the validity of the arbitration clause (count II), and claims of malicious prosecution (count III), abuse of process (count IV), malicious prosecution (count V), and abuse of process (count VI).  The defendants moved to dismiss counts III through VI pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2000)) on the grounds that the appellants did not and could not plead sufficient facts to establish the elements of malicious prosecution and abuse of process.  After extensive briefing and argument, the circuit court dismissed counts III through VI with prejudice.  The circuit court concluded that the claims of malicious prosecution failed as a matter of law because the appellants were unable to establish that the Connecticut litigation had terminated in their favor and that they had incurred special damages.  The circuit court concluded that the claims for abuse of process failed as a matter of law because the appellants failed to plead facts to support the elements of the tort.  The circuit court denied the appellants' motions to vacate its order granting a stay regarding count I and count II in favor of arbitration.  The motion to reconsider was denied, and this appeal followed.

II.  Analysis

As is evident from the statement of facts, this has been and continues to be a hotly contested case, and each side has employed tactics and procedural tools in an attempt to gain advantage over the opposition.  However, even overzealous advocacy does not constitute malicious prosecution or abuse of process.  Each tort has specific elements that must be met, and the elements are strictly construed.  In this case, the circuit court determined, as a matter of law, that the appellants failed to allege sufficient facts to satisfy the elements of the torts, and the court granted the defendants' motions to dismiss with prejudice.  On appeal, the review is 
de novo
 review.  
Storm & Associates, Ltd. v. Cuculich
, 298 Ill. App. 3d 1040, 1047, 700 N.E.2d 202, 207 (1998).

The elements of malicious prosecution are as follows: (1) the institution and prosecution of judicial proceedings by the defendant, (2) a lack of probable cause for those proceedings, (3) malice in instituting the proceedings, (4) a termination of the prior cause in the plaintiff's favor, and (5) suffering by the plaintiff of damage or injury from the prior proceeding.  
Cult Awareness Network v. Church of Scientology International
, 177 Ill. 2d 267, 272, 685 N.E.2d 1347, 1350 (1997); 
Holiday Magic, Inc. v. Scott
, 4 Ill. App. 3d 962, 966, 282 N.E.2d 452, 455 (1972). 

In dismissing the malicious-prosecution counts of the third amended complaint, the circuit court determined that the appellants could not establish the favorable-termination element of the tort.  The appellants argue that the two injunctions issued by the Connecticut district court were without probable cause and that the litigation terminated in their favor when the Second Circuit vacated the injunctions.

The favorable-termination requirement is not to be determined simply by the form or title given to the disposition of the prior proceedings, but by the circumstances under which the disposition is obtained and whether that evidences a lack of probable cause for the initiation of the proceeding.  
Cult Awareness Network
, 177 Ill. 2d at 276-77, 685 N.E.2d at 1352-53 (citing with approval and adopting the approach in Restatement (Second) of Torts §674, Comment 
j
 (1977)).

We have reviewed the decisions of the Second Circuit and the Connecticut district court relative to the allegations of malicious prosecution.  We find no indication that the injunctions were vacated on the grounds of a lack of probable cause to enjoin the state court proceedings in favor of arbitration.  The Second Circuit did not vacate the injunctions because the appellants' claims were not arbitrable disputes but, rather, because the federal district court was not the proper jurisdiction in which to compel arbitration absent a showing that the appellants were acting in concert with the properly enjoined franchisees to make an end-run around the district court's injunctions.  Both the Connecticut district court and the Connecticut Superior Court have determined that the allegations in count I and count II of the third amended complaint stated arbitrable claims under the Subway franchise agreements and that the parties agreed to arbitrate in Connecticut.  Ultimately, the Connecticut Superior Court ordered the appellants to arbitrate those claims before the American Arbitration Association in Connecticut.  The circuit court correctly concluded that the appellants could not establish sufficient facts to show that the proceedings had terminated in their favor.

The circuit court also concluded that the appellants could not establish the special injury element of the tort.  The long-standing rule is that without the arrest of a person or the seizure of a person's property or some other special injury, a cause of action for malicious prosecution will not lie.  
Cult Awareness Network
, 177 Ill. 2d at 280, 685 N.E.2d at 1354; 
Smith v. Michigan Buggy Co.
, 175 Ill. 619, 51 N.E. 569 (1898).

In their complaint, the appellants allege that they have incurred litigation expenses in vacating "the two separate illegal injunctions" and that they were twice enjoined from obtaining a legal determination of their claims of a breach of contract and the invalidity of the arbitration clause.  The appellants claim that they would have prosecuted the claims in the state court proceedings if the injunctions had not been granted.

The latter contention is not supported by the record.  The Connecticut Superior Court compelled the appellants to arbitrate their claims in Connecticut, and the court's decision was sustained on appeal.  
Doctor's Associates, Inc. v. Keating
, 72 Conn. App. 310, 805 A.2d 120 (2002).  The costs incurred in challenging the injunctions constitute nothing more than ordinary litigation expenses and are not considered special damages.  
Cult Awareness Network
, 177 Ill. 2d at 281, 685 N.E.2d at 1354; 
Michigan Buggy Co.
, 175 Ill. at 629, 51 N.E. at 572.  The appellants' claim that they suffered special injury because the "illegal" injunctions delayed the resolution of their claims is not sustainable.  The record shows that each party made strategic decisions and utilized procedural mechanisms which resulted in delays in reaching the merits of the controversies.  For example, the appellants' decision to refuse DAI's demand for arbitration and their election to pursue a challenge of the validity of the arbitration clause in the Madison County circuit court delayed a resolution on the merits.  This is not a case where a wrongful injunction resulted in restricted access to a party's assets or a seizure of his property rights, as was displayed in 
Bank of Lyons v. Schultz
, 78 Ill. 2d 235, 399 N.E.2d 1286 (1980) (the wrongful issuance of a preliminary injunction prevented the plaintiff from using life insurance proceeds for more than nine years).  This is not a case, such as 
Shedd v. Patterson
, 302 Ill. 355, 134 N.E. 705 (1922), where an individual, who had brought an action to resolve a grievance and lost, refused to accept the judgment and filed multiple successive suits for purposes of conducting a personal crusade of harassment.  This is not a case where a large organization improperly induced its members to engage in a well-orchestrated campaign of simultaneous malicious prosecutions, as in 
Cult Awareness Network
, 177 Ill. 2d at 285, 685 N.E.2d at 1356.  The circuit court correctly concluded that the complaint failed to adequately establish the special-injury element of the tort.

After considering the circumstances and the case law, we conclude that the trial court properly dismissed the claims for malicious prosecution with prejudice because the appellants failed to show as a matter of law that they could satisfy the elements of malicious prosecution.

The trial court also dismissed with prejudice the claims for abuse of process.  The elements of abuse of process are not the same as those for malicious prosecution.  
Holiday Magic, Inc.
, 4 Ill. App. 3d at 966-67, 282 N.E.2d at 455-56.  In order to state a claim for abuse of process, the pleading must allege the existence of an ulterior purpose or motive and some act in the use of legal process not proper in the regular prosecution of the proceedings.  
Ewert v. Wieboldt Stores, Inc.
, 38 Ill. App. 3d 42, 43, 347 N.E.2d 242, 243 (1976).  The mere institution of proceedings, even with a malicious intent or motive, does not alone constitute abuse of process.  
Ewert
, 38 Ill. App. 3d at 44, 347 N.E.2d at 243.  The test is whether process has been used to accomplish some end which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do.  
Ewert
, 38 Ill. App. 3d at 44, 347 N.E.2d at 243.  In other words, the defendant must have intended to use the action to accomplish some result that could not be accomplished through the suit itself.  
Landau v. Schneider
, 154 Ill. App. 3d 875, 878, 506 N.E.2d 735, 737 (1987).

In this case, the complaint alleges that DAI sought injunctions for the ulterior purposes of holding the appellants out as an example to other franchisees throughout the country, intimidating the appellants and coercing other franchisees from filing future claims, and requiring the nonparty appellants to defend against multiple, improper claims in Connecticut.  These allegations are filled with many more conclusions than specific, substantive facts.  After disregarding the conclusions, we find that the factual allegations are insufficient to support the first element of the tort of abuse of process.

The allegations regarding the second element–a misapplication of the legal process to accomplish a result beyond the purview of the process–are also lacking.  The appellants charged that the defendants misused the legal process by seeking preliminary injunctions against nonparties. The defendants argued that the injunctions were proper and necessary to prevent the appellants from prosecuting arbitrable claims in the Illinois courts on behalf of enjoined franchisees and thereby aiding the enjoined franchisees in circumventing the orders of the federal district court.

After reviewing the record, we conclude that DAI used the injunctive process for at least one reasonable purpose, to prevent the enjoined franchisees from using nonparty franchisees to circumvent orders of the Connecticut district court.  An injunction may bind nonparties if their participation in an activity assists a party in violating an injunction.  
Reinert & Duree, P.C.
, 191 F.3d at 302-03.  The determination that these injunctions were erroneously issued against nonparties does not in and of itself constitute an abuse of process.  Under the circumstances of this case, we do not find that the allegations show an improper use of the legal process to achieve a collateral, improper purpose.  The circuit court did not err in dismissing the abuse-of-process claims with prejudice.

The appellants also claim that the circuit court erred in denying their motions to vacate the stay order on counts I and II in favor of arbitration.  Count I alleged that the defendants had breached the franchise agreements, and count II challenged the validity of the arbitration clause in the franchise agreements.  The appellants argue that the circuit court erred in concluding that it was without authority to vacate the stay and to consider issues of arbitrability where the Connecticut Superior Court had not conclusively adjudicated the issues of arbitrability, including the waiver claim and the issue of class arbitration. 

In this case, the Madison County circuit court found that the Connecticut Superior Court's orders were final for purposes of 
res judicata
 under Connecticut law and that Illinois law requires they be given full faith and credit.  The circuit court granted the motion to stay counts I and II in favor of arbitration and denied the appellants' motions to vacate the stay. According to the record, the Connecticut Superior Court issued an order compelling arbitration, and that decision was affirmed on appeal.  
Doctor's Associates, Inc. v. Keating
, 72 Conn. App. 310, 805 A.2d 120 (2002).  The Connecticut Appellate Court affirmed the superior court's findings that express terms in the franchise agreements established that the parties had agreed to arbitrate any controversy arising from or related to the franchise agreements and that Connecticut law would govern the interpretation and applicability of the franchise agreements.  
Keating
, 72 Conn. App. at 313, 805 A.2d at 122.  The Connecticut Appellate Court also determined that the superior court had not abused its discretion in denying the appellants' request for a stay because of the pending proceedings in Illinois.  
Keating
, 72 Conn. App. at 318, 805 A.2d at 125.  The Connecticut Supreme Court denied the appellants' request for a review of those determinations.  
Doctor's Associates, Inc. v. Keating
, 262 Conn. 922, 812 A.2d 864 (2002). 

The Madison County circuit court was aware of the orders of the Connecticut Superior Court at the time it stayed counts I and II in favor of arbitration.  The circuit court specifically noted that the orders were final under Connecticut law for purposes of 
res judicata
.  The record reveals that the Connecticut courts conclusively determined that the parties had agreed to arbitrate any controversy related to the franchise agreement, that the parties had agreed to arbitrate in accordance with the commercial arbitration rules of the American Arbitration Association, and that the parties had agreed that Connecticut law would govern the interpretation and applicability of the franchise agreement.

Under Connecticut law, the arbitrability of a dispute is a legal question for the court unless the parties have agreed to submit the question to arbitration.  
Board of Education of the Town of Greenwich v. Frey
, 174 Conn. 578, 392 A.2d 466 (1978).  The intent to have arbitrability decided by the arbitrator is determined by provisions in the contract.  It may be exhibited by an express provision or through the use of broads terms such as "all questions in dispute and all claims arising out of the contract."  
White v. Kampner
, 229 Conn. 465, 472, 641 A.2d 1381, 1384 (1994); 
Frey
, 174 Conn. 578, 392 A.2d 466.  There are two means to preserve the issue of arbitrability under Connecticut law.  A party may refuse to submit to arbitration at the outset and compel a judicial determination of the issue of arbitrability, or alternatively, threshold questions of arbitrability may be submitted to the arbitrator with the objections noted and then properly challenged through a motion to vacate.  
White v. Kampner
, 229 Conn. 465, 476, 641 A.2d 1381, 1386 (1994).  Thus, the appellants have methods to preserve any objections to threshold questions of arbitrability and waiver and to have their objections reviewed.

In compelling the parties to arbitrate the claims raised in counts I and II of the complaint, the Connecticut Superior Court conclusively determined that the parties agreed to arbitrate any controversies arising from or related to the agreement and that the issues regarding the franchise agreements would be decided according to the rules of the American Arbitration Association and the laws of Connecticut, and its determination was affirmed on appeal.  In staying counts I and II in favor of arbitration, the Madison County circuit court gave full faith and credit to those determinations.  Based on this record, we cannot say that the circuit court erred in ordering that counts I and II be stayed pending the arbitration proceedings in Connecticut.

III. Conclusion

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CHAPMAN and KUEHN, JJ., concur.

NO. 5-03-0390

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

RUTH REED, DAN KEATING, DENNIS DeSPAIN, )  Appeal from the

TERRY DeSPAIN, CHARLES MANSFIELD SMITH )  Circuit Court of

III, and All Other Subway Franchisees Who Qualify )  Madison County.

for Inclusion in the Proposed Class, )

)

Plaintiffs-Appellants, )

)

v. )  No. 98-LM-652

)

DOCTOR'S ASSOCIATES, INC., )  

FREDERICK DeLUCA, and PETER H. BUCK, )  Honorable

)  Clarence W. Harrison II,

Defendants-Appellees. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: March 3, 2005

___________________________________________________________________________________

Justices
: Honorable James K. Donovan, P.J.

Honorable Melissa A. Chapman, J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________________

Attorney
 David M. Duree, David M. Duree and Associates, P.C., 312 South Lincoln Avenue,

for
 P.O. Box 1416, O'Fallon, IL 62269-1416

Appellants
 

___________________________________________________________________________________

Attorneys
 Kurt E. Reitz, Heath H. Hooks, Thompson Coburn LLP, 525 West Main Street, 

for
 P.O. Box 750, Belleville, IL 62222-0750

Appellees
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 03/03/05.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.